IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. **4:19-CR-026-O** |
| KEITH BERKEBILE(01) | |

## FACTUAL RESUME

**INFORMATION**

    Count One – Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

**PLEA:**

    Count One - Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

**PENALTY:**

    The minimum and maximum penalties the Court can impose on Count One include:

    a.     imprisonment for a period not less than 10 years, and not more than life;

    b.     a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.     a term of supervised release of any term of years or life but not less than five years, which is mandatory under the law and will follow any term of imprisonment. Revocation of the term of supervised release could result in an additional period of confinement. The effect of a revocation of a term of supervised release is to make the overall period of incarceration longer;

    d.     a mandatory special assessment of $100;

    e.     a second mandatory special assessment of $5,000, unless the Court finds the defendant to be indigent, must also be imposed pursuant to 18 U.S.C. § 3014 for offenses occurring on or after May 29, 2015;

    f.    restitution to victims or to the community; and

    g.    costs of incarceration and supervision.

## ELEMENTS OF THE OFFENSE:

To establish the offense alleged in Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>:    That the defendant knowingly attempted to persuade, induce, or entice an individual under the age of eighteen (18) to engage in sexual activity;

<u>Second</u>:    That the defendant used a facility or means of interstate commerce;

<u>Third</u>:    That the defendant believed that such individual was less than eighteen (18) years of age; and

<u>Fourth</u>:    That had the sexual activity actually occurred, the defendant could have been charged with a criminal offense under Texas state law, that is, a violation of Texas Penal Code Section 22.021, aggravated sexual assault of a child.

## STIPULATED FACTS:

1. From on or about July 8, 2017, until on or about July 25, 2017, in the Northern District of Texas, the defendant, Keith Berkebile, using any means and facility of interstate and foreign commerce did knowingly attempt to persuade, induce, and entice an individual whom he believed was 11 years old, to engage in sexual activity for which a person can be criminally charged under Texas state law, that is, a violation of Texas Penal Code Section 22.021, Aggravated Sexual Assault of a Child.

2.  Specifically, on or about July 8, 2017, Grand Prairie Police Detective Brandon Poor, while working online in an undercover capacity as a mother of two young daughters, received a message via Internet Relay Chat[1] from Keith Berkebile. Berkebile, used the screen name "Dallas-Male" to send a private message to "Laura," the undercover detective. Berkebile asked Laura how old her daughters were; Laura responded with ages five and eleven. Berkebile asked Laura, "Would u like to see your oldest with a man." He also asked her if she would enjoy "watching [her] girls stroking and sucking a mans [sic] cock."

3.  During their chats, which occurred over both email and Internet Relay Chat, Berkebile instructed Laura to show her daughter pornographic videos and, after, to ask the daughter if she would like to experience some of what she saw. Berkebile also suggested that Laura ask her daughter if she would like to meet Laura's "friend" after they had watched a video.

4.  Berkebile told Laura he would play with her daughter's "pussy and lick it and let her do the same." On July 17, 2017, Berkebile sent Laura an image of child pornography that depicted a prepubescent female's mouth on a male's erect penis. He stated that he thought the girl looked to be about 12 years old and "she looks like sheknows [sic] how to suck cock lol."

---

[1] Internet Relay Chat is an online service that allows users to chat in real time and to transfer files with each other. It operates on a client/server model where individuals use a client program to connect to an IRC server. Once a user is connected to an IRC network, which is made up of one or more IRC servers that are all connected to each other, the user can see "channels" and other users also on the network. A "channel" is similar to a chat room or group and can consist of one or more IRC users. A user can also privately message, or communicate with, another user.

5. Berkebile told Laura that he wanted to meet; they planned for him to come to Laura's apartment to swim and spend time alone with the 11-year-old daughter on the afternoon of July 25, 2017. Berkebile said he would bring protection.

6. The day before the meeting, Berkebile told Laura that he'd rather meet at a bar to talk first. Laura declined, and they canceled the meeting. The morning of July 25, 2017, however, Berkebile emailed Laura. During their communication, Berkebile offered again to come over and visit her and the girls at their pool in the afternoon. On July 25, 2017, Berkebile left his home in Arlington, Texas, and arrived at Laura's apartment complex in Grand Prairie, Texas, where he was arrested.

7. The sexual acts Berkebile described to Laura would be a violation of Texas Penal Code § 22.021. Berkebile stipulates that he used his cell phone and the Internet to communicate with Laura via email and Instant Relay Chat Messaging. He further stipulates that his cell phone, which was connected to the Internet for purposes of those communications, and the Internet itself, are both means and facilities of interstate commerce.

AGREED AND STIPULATED on this 28 day of Jan, 2019.

_____
KEITH BERKEBILE
Defendant

_____
JOHN STICKELS
Counsel for Defendant

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I may also be required to provide information about intended travel outside the United States. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

_____     January 28, 2019
KEITH BERKEBILE                              Date

I am the defendant's counsel. I have carefully reviewed every part of this Factual Resume with the defendant, including the notice that he is required to register as a sex offender. To my knowledge and belief, my client's decision to enter into this Factual Resume is an informed and voluntary one.

_____     January 28, 2019
JOHN STICKELS                                Date
Attorney for Defendant